IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, its assignees and/or successors,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HAROLD S. FAIRBANKS III, and DOES 1-10 inclusive,<br><br>　　　　Defendants. | 1:12-CV-1167 AWI JLT<br><br>ORDER REMANDING ACTION TO THE KERN COUNTY SUPERIOR COURT |

　　　Defendant Harold S. Fairbanks III, who is proceeding pro se, removed this case from the Superior Court of Kern County on July 17, 2012. See Court's Docket Doc. No. 1. Defendant asserts that the basis for removal is the presence of a federal question. Specifically, Fairbanks contends that he filed a demurrer to Plaintiff's unlawful detainer complaint in which he alleged that Plaintiff failed to comply with 12 U.S.C. § 5220. It is through the demurrer, and specifically the invocation of 12 U.S.C. § 5220, that Defendant asserts jurisdiction exists. See id. at ¶¶ 7-10.

　　　A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). The removal statute (28 U.S.C. § 1441) is strictly construed against removal jurisdiction. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010); Provincial Gov't of Marinduque v. Placer Dome,

Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction.  Geographic Expeditions, 599 F.3d at 1106-07; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009).  "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court."  Hunter, 582 F.3d at 1042; Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance."  Geographic Expeditions, 599 F.3d at 1107; Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); Gaus, 980 F.2d at 566.  "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); Gibson v. Chrysler Corp., 261 F.3d 927, 932 (9th Cir. 2001).  Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary."  Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997); see California ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).  That is, the court "must dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a party has filed a motion."  Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  California v. United States, 215 F.3d 1005, 1014 (9th Cir. 2000); see Dynegy, 375 F.3d at 838; Duncan, 76 F.3d at 1485.  Under the "well-pleaded complaint" rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose."  California, 215 F.3d at 1014.  Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue."  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002); see also Vaden v. Discover Bank, 129 S. Ct. 1262, 1278 (2009) ("It does not suffice to show that

a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law.").

Here, Fairbanks has not shown that removal was appropriate. The complaint filed by Plaintiff is an unlawful detainer action that is based entirely on California law. As mentioned above, Fairbanks relies on his demurrer to establish federal jurisdiction. Fairbanks is attempting to remove this case on the basis of a federal defense. This is improper, as the defensive invocation of 12 U.S.C. § 5220 cannot form the basis of this Court's jurisdiction. See Vaden 129 S.Ct. at 1278; Caterpillar, 482 U.S. at 392; Wayne, 294 F.3d at 1183; California, 215 F.3d at 1014; Fannie Mae v. Reyes, 2012 U.S. Dist. LEXIS 58002 (S.D. Cal. Apr. 25, 2012); Fannie Mae v. Brooks, 2012 U.S. Dist. LEXIS 30627 (C.D. Cal. Mar. 7, 2012). Because there is no federal question appearing in Plaintiff's complaint, Fairbanks has failed to invoke this Court's subject matter jurisdiction. Remand to the Kern County Superior Court is appropriate and mandatory. 28 U.S.C. § 1447(c); Geographic Expeditions, 599 F.3d at 1107; Bruns, 122 F.3d at 1257; Page, 45 F.3d at 133.

Accordingly, IT IS HEREBY ORDERED that, per 28 U.S.C. § 1447(c), due to this Court's lack of subject matter jurisdiction, this case is REMANDED forthwith to the Superior Court of Kern County.

IT IS SO ORDERED.

Dated:   July 19, 2012

CHIEF UNITED STATES DISTRICT JUDGE